IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02639–REB–KMT

STEVEN R. RADER, and
VIVIAN L. RADER

      Petitioners,

v.

THE UNITED STATES of AMERICA,

      Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on the "Petition to Quash an IRS 3rd Party Summons" [Doc. No. 1, filed December 4, 2008], the "United States' Motion to Summarily Deny the Petition to Quash and Counter-Petition to Enforce the Internal Revenue Summons" [Doc. No. 11, filed January 12, 2009], and pursuant to an Order of Reference to the United States Magistrate Judge issued by District Judge Robert E. Blackburn on December 10, 2008 [Doc. No. 4].

## PROCEDURAL HISTORY

      Steven R. Rader and Vivian L. Rader filed their Petition to Quash IRS 3rd Party Summons pursuant to Title 26 U.S.C. §7609 concerning an Internal Revenue Service ("IRS") Summons issued to David L. Armbrecht.  (Pet. at 2–4.)  The "United States' Motion to

Summarily Deny the Petition to Quash and Counter-Petition to Enforce the Internal Revenue Summons" was filed on January 12, 2009.  (Mot.)  No further activity has occurred in the case.

## STANDARD OF REVIEW

Petitioners are proceeding *pro se*.  The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The petitioners' *pro se* status does not entitle them to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

2

### STATEMENT OF THE CASE

According to the Respondent, the petitioners are a married couple who have not filed federal income tax returns for the years 2003 through 2006.  (Mem. in Supp. of Mot., Decl. of Revenue Agent William R. Sothen ¶ 3 [hereinafter "Sothen Decl."].)  Respondent asserts that Steve Rader Plumbing is an active contracting business operated by Petitioner Steven R. Rader that has not filed income or employment taxes for the years 2003 through 2006.  (*Id.* ¶ 4.) Revenue Agent William Sothen is a duly commissioned revenue agent with the IRS who is conducting an examination into the liabilities of Petitioners and the income tax and employment tax liabilities of Steven Rader Plumbing for the tax years 2003 through 2006.  (*Id.* ¶ 1, 5.)  As part of his investigation, Revenue Agent Sothen issued a third-party administrative summons to David L. Armbrecht, who is alleged to have received plumbing services from Rader Plumbing in 2005.  (*Id.* ¶ 6, Ex. A.)  Mr. Armbrecht was directed to produce invoices and proofs of payment for services performed by Steven Rader Plumbing which occurred during 2005.  (*Id.*)  Revenue Agent Sothen mailed an attested copy of the summons via certified mail to Mr. Armbrecht at his last known address of 113 San Juan Drive, Pagosa Springs, CO 81147-7745.  (*Id.* ¶ 7.)  Revenue Agent Sothen also mailed attested copies to the last known address of both petitioners and of Steve Rader Plumbing.  (*Id.* ¶ 8.)

Petitioners request that the summons directed at Mr. Armbrecht be quashed based on (1) the alleged bad faith of Revenue Agent Sothen regarding speculations and presumptions made by him; (2) alleged bad faith, misconduct, and wanton, willful, overt acts of official oppression by Revenue Agent Sothen; and (3) alleged bad faith and misconduct by Revenue Agent Sothen in

3

pursuing private information improperly accessed without demonstration of a legitimate purpose for same.  (Pet. at 5–7.)  Petitioners assert the administrative summons is unenforceable because the IRS has not satisfied the requirements of *United States v. Powell*, 379 U.S. 48 (1964).  (*Id.* at 3–4.)

## ANALYSIS

### IRS Summons Enforcement Powers

Pursuant to I.R.C. §§ 7801 and 7802, Congress has charged the Secretary of the Treasury and the Commissioner of the IRS with the responsibility of administering and enforcing the Internal Revenue Code.  *See Lonsdale v. United States*, 919 F.2d 1440, 1447 (10th Cir. 1990).  Section 6201 of the Internal Revenue Code authorizes the Secretary to make "inquiries, determinations, and assessments of all taxes including interest, additional amount, additions to the tax, and assessable penalties imposed by the Code."  Also, I.R.C. § 7602 grants to the IRS "expansive information-gathering authority" to encourage effective tax investigations.  *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984).  In fact, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."  *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992).

In order for a summons to be valid, the IRS must make out a *prima facie* case that (1) the investigation has a legitimate purpose; (2) the summonsed materials are relevant to that purpose;

(3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the appropriate procedural steps.[1]  *United States v. Powell*, 379 U.S. at 57–58.

The burden upon the IRS to make its *prima facie* case is a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.  *United States v. Kis,* 658 F.2d 526, 536 (7th Cir. 1981).  "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement."  *United States v. Garden State Nat'l Bank,* 607 F.2d 61, 68 (3d Cir. 1979); *Kis,* 658 F.2d at 537; *United States v. Balanced Financial Mgmt., Inc.,* 769 F.2d 1440, 1443 -1444 (10th Cir. 1985).

    A.       **The United Sates Has Made a Prima Facie Case for Enforcement of the IRS Summons.**

        i.       *The IRS is conducting the current investigation for legitimate purposes.*

Respondent argues that the summons should be enforced because, with respect to the proofs of payment sought by the summons, the Powell requirements have been satisfied for the third-party administrative summons at issue in this case.  (Mot. at 4.)  The Internal Revenue Code specifically authorizes the Secretary to issue summonses for the purpose of determining the correct tax liability of any taxpayer. 26 U.S.C. § 7602(a).  The information sought by the

---

[1]Cases discussing the procedure and burdens for challenging an IRS summons have most often occurred in the context of an action, brought by the IRS, to enforce the summons.  *See United States v. Powell*, 379 U.S. 48; *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir.1985).  However, the same analytical framework applies when the action is a petition to quash an IRS summons brought by a taxpayer.  *See Anaya v. United States*, 815 F.2d 1373, 1375 (10th Cir.1987); *see also Cook v. United States*, 104 F.3d 886, 889 (6th Cir.1997).

subpoena relates to income, clearly a relevant component in a determination of tax liability.

Revenue Agent Sothen issued the third-party summons to Mr. Armbrecht in furtherance of his

examination into the 2003 through 2006 tax liabilities of Petitioners and Steven Rader Plumbing.

(Sothen Decl. ¶¶ 5–6.)  Accordingly, because the summons was issued pursuant to a codified

legitimate purpose, the United States has satisfied the first *Powell* requirement.

### ii.     *The summonsed materials are relevant to the investigation.*

Respondent states that Revenue Agent Sothen's issuance of this administrative

third-party summons may be relevant to his investigation of Petitioners and Steven Rader

Plumbing. (Sothen Decl. ¶ 9.)  Respondent states that Mr. Armbrecht holds records that may

assist Revenue Agent Sothen in reconstructing Petitioners' and Steve Rader Plumbing's income

and, consequently, their correct tax liabilities. (Sothen Decl. ¶ 9.)  The court finds, therefore, that

the summons satisfies the second *Powell* requirement.

### iii.     *The IRS does not already possess the requested information.*

The United States avers that the  proofs of payment sought by the summons are not

already in the possession of the Internal Revenue Service.  (Sothen Decl. ¶ 13.)  Accordingly, the

third *Powell* requirement is satisfied.

### iv.     *The administrative steps required by the Internal Revenue Code were followed.*

Respondent also argues that the fourth *Powell* factor is satisfied because all

administrative steps required by the Internal Revenue Code for issuance of the summons at issue

have been followed, and no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is

in effect for Steven R. Rader or Vivian L. Rader.  (Sothen Decl. ¶¶ 10–11.)  Accordingly, the

court agrees that the fourth *Powell* factor has been met, and the court finds that the IRS has

satisfied its minimal burden to show good faith and the lack of referral to the Justice Department.

The court therefore proceeds to consider Petitioners' challenges to the summons.

> **B.**     ***Petitioners have not rebutted the United States' prima facie showing supporting enforcement of the IRS summons.***

Once the IRS's *prima facie* showing has been made, the burden then shifts to the

taxpayers to "establish any defenses or to prove that enforcement would constitute an abuse of

the court's process."  *United States v. Genser,* 582 F.2d 292, 302 (3d Cir. 1978).  The burden on

the petitioners in this case is a heavy one.  *Garden State Nat'l Bank,* 607 F.2d at 68.  Petitioners

must "prove a lack of good faith, that the government has abandoned in the institutional sense its

pursuit of possible civil penalties."  *United States v. Moll,* 602 F.2d 134, 138 (7th Cir. 1979).

The taxpayer must do more than just produce evidence that would call into question the

Government's *prima facie* case.  The burden of proof in these contested areas rests squarely on

the taxpayer.  As the Third Circuit observed, "*LaSalle* may not have closed the door in the

taxpayer's face, but neither did it leave much more than a very slight opening."  *Garden State*

*Nat'l Bank*, 607 F.2d at 70; *Balanced Financial Mgmt., Inc.,* 769 F.2d at 1444; *Kis,* 658 F.2d at

538–39.  In particular,

> [i]n responding to the Government's showing, it is clear that a taxpayer must
> factually oppose the Government's allegations by affidavit.  Legal conclusions or
> mere memoranda of law will not suffice.  Allegations supporting a "bad faith"
> defense are . . . insufficient if conclusory. [I]f at this stage the taxpayer cannot
> refute the government's prima facie [good faith] showing or cannot factually

> support a proper affirmative defense, the district court should dispose of the
> proceeding on the papers before it and without an evidentiary hearing.

*Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444 (quotations and citations omitted).

In support of their Petition, each petitioner has filed a signed affidavit. The affidavits are not notarized. However, under 28 U.S.C. § 1746(2), if a document must be signed under oath and was not, the individual can alternatively submit a signed and dated, unsworn declaration in which the individual declares under penalty of perjury that the document is true and correct. Petitioners' "affidavits" present a number of intriguing, but unpersuasive, reasons why this court should quash the summons and enjoin the IRS from further investigation. Petitioners rehash oft-repeated tax protestor arguments that previous courts have refused to accept on numerous previous occasions. *See Crain v. Commissioner*, 737 F.2d 1417 (5th Cir. 1985) (collecting cases). The petitioners present no facts or authority that would undermine the IRS' *prima facie* case of good faith in issuing the summons. Thus, the Respondent's motion is properly granted.

WHEREFORE, for the foregoing reasons, it is hereby

RECOMMENDED that

1.      Petitioners' Petition to Quash an IRS 3rd Party Summons; Request for a Show Cause/Evidentiary Hearing; and Request for Protective Orders (Doc. No. 1) be DENIED;

2.      Respondent "United States' Motion to Summarily Deny the Petition to Quash and Counter-Petition to Enforce the Internal Revenue Summons" (Doc. No. 11) be GRANTED; and

3.      This matter be dismissed in its entirety with prejudice.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

9

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

       Dated this 1st day of June, 2009.

               **BY THE COURT:**

               _____

               Kathleen M. Tafoya
               United States Magistrate Judge